AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

United States of America
v.
Bailey

Case No: 1:21-cr-98-2

USM No: 17792-509

Date of Original Judgment: 02/28/2023

Date of Previous Amended Judgment: ____________

*(Use Date of Last Amended Judgment if Any)*

____________
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of ____________ months **is reduced to** ____________ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 02/28/2023 shall remain in effect.

**SO ORDERED.**

Date: 10/4/2024

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 1:21-cr-00098-JPH-MJD |
| AMBER BAILEY, Defendant. | ) | -02 |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Amber Bailey has filed a motion to reduce her sentence under Amendment 821 to the United States Sentencing Guidelines, which retroactively lowered the sentencing guidelines calculation for some defendants. Dkt. 129; dkt. 137 (amended motion).

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One of those exceptions is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Motions for sentence reductions under § 3582(c)(2) are evaluated in "a two-step inquiry." *Dillon*, 560 U.S. at 826–27. First, the district court must determine whether the reduction is permissible under the amended guidelines. *Id.* If that first step is satisfied, the district court must consider "any applicable § 3553(a) factors and determine whether,

in its discretion, the reduction . . . is warranted . . . under the particular circumstances of the case." *Id.*

Here, Ms. Bailey seeks a reduction under Amendment 821 Part B, which decreases the offense level "for certain zero-point offenders." Dkt. 137 at 2; *see* dkt. 129 at 1; USSG §4C1.1(a). The government responds that Ms. Bailey is not eligible for a reduction because she is not a zero-point offender. Dkt. 139.

To be eligible for the zero-point offender retroactive adjustment, Ms. Bailey must have "not receive[d] any criminal history points from Chapter Four Part A" of the sentencing guidelines. USSG §4C1.1(a)(1). However, she received one criminal history point under USSG §4A1.1 for a 2017 conviction. Dkt. 111 at 8. Ms. Bailey argues that she should not have received that point, dkt. 137 at 2, but she may not raise that argument in a motion for sentence reduction, USSG §1B1.10(b)(1) (In determining whether a sentence may be reduced under 18 U.S.C. § 3582(c)(2), the Court "shall leave all [unamended] guideline application decisions unaffected."). Ms. Bailey therefore is not eligible for a sentence reduction under *Dillon*'s first step, and her motions are **DENIED**. Dkt. [129]; dkt. [137].

**SO ORDERED.**

Date: 10/4/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Amber Bailey
Reg. No. 17792-509
FMC Lexington
Federal Medical Center
Satellite Camp
P.O. Box 14525
Lexington, KY 40512

Electronic Notice to USPO